Robert F. McCauley (SBN 162056)
  robert.mccauley@finnegan.com
Arpita Bhattacharyya (SBN 316454)
  arpita.bhattacharyya@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666

*Attorneys for Defendant*
*Accelight Technologies, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| APPLIED OPTOELECTRONICS, INC., | CASE NO. 4:24-cv-09041-HSG |
| Plaintiff, | **DEFENDANT ACCELIGHT TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF APPLIED OPTOELECTRONICS, INC.'S COMPLAINT UNDER RULE 12(b)(6)** |
| v. | |
| ACCELIGHT TECHNOLOGIES, INC., | |
| Defendant. | |

Date:      March 13, 2025
Time:     2:00 PM
Location:  Courtroom 2, 4th Floor
Judge:    Hon. Haywood S. Gilliam, Jr.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 13, 2025, at 2 PM in Courtroom 2, located on the 4th Floor of the above-entitled court at 1301 Clay Street, Oakland, California, or as soon thereafter as the matter may be heard before Honorable Haywood S. Gilliam, Jr., Defendant Accelight Technologies, Inc. ("Accelight") will and hereby does move to dismiss portions of Plaintiff Applied Optoelectronics, Inc.'s ("AOI") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order filed concurrently herewith, all other papers or pleadings in this action, evidence and argument that the parties may present before or at the hearing on this matter, and any other matters of which this Court may take judicial notice.

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................1

II.   STATEMENT OF FACTS .........................................................................................1

     A.    Asserted Patents .............................................................................................1

     B.    Accused Products ...........................................................................................2

     C.    Infringement Allegations ...............................................................................2

     D.    Damages Allegation .......................................................................................3

III.  LEGAL STANDARD FOR MOTION TO DISMISS.................................................3

IV.   ARGUMENT ..............................................................................................................4

     A.    AOI's Infringement Claims for Non-Charted Accused Products Are Deficient and Should Be Dismissed ..............................................................4

     B.    AOI Fails to Plausibly Allege Indirect Infringement....................................5

     C.    AOI Fails to Plausibly Allege Infringement Under DOE .......................7

     D.    AOI's Pre-Suit Damages Claim Should Be Dismissed for Failure to Plead Compliance with the Marking Statute ...............................................8

V.    CONCLUSION.........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ALD Soc., LLC v. Verkada, Inc.*,
   654 F. Supp. 3d 972 (N.D. Cal. 2023) ...............................................................6, 7, 8

*Altair Logix LLC v. Asus Comput. Int'l*,
   No. 18-cv-04985-HSG, 2019 WL 1117535 (N.D. Cal. Mar. 11, 2019) ...........................9, 10

*Arctic Cat Inc. v. Bombardier Rec. Prods., Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) ...............................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................3

*Dawn Equip. Co. v. Ky. Farms Inc.*,
   140 F.3d 1009 (Fed. Cir. 1998) ...............................................................8

*Dunlap v. Schofield*,
   152 U.S. 244 (1894) ...............................................................9

*Express Mobile, Inc. v. Liquid Web, LLC*,
   Nos. 1:18-cv-01177-RGA, -01181-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ......9, 10

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ...............................................................6

*Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*,
   677 F. Supp. 3d 1079 (N.D. Cal. 2023) ...............................................................5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017) ...............................................................6

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996) ...............................................................9

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ...............................................................6, 7

*Novitaz, Inc. v. inMarket Media, LLC*,
   No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ...........................5

*Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*,
   No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ...........................9, 10

iii

*Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*,
　　No. 21 C 2104, 2022 WL 157491 (N.D. Ill. Jan. 18, 2022) .........................................................10

*Regents of Univ. of Mich. v. Leica Microsys. Inc.*,
　　No. 19-CV-07470-LHK, 2020 WL 2084891 (N.D. Cal. Apr. 30, 2020) ...............................6, 7

*Ricoh Co. v. Quanta Comput. Inc.*,
　　550 F.3d 1325 (Fed. Cir. 2008)........................................................................................................7

*Sonos, Inc. v. Google LLC*,
　　591 F. Supp. 3d 638 (N.D. Cal.), *leave to appeal denied*, Nos. 2022-134, -144,
　　2022 WL 1486359 (Fed. Cir. May 11, 2022) ...............................................................................7

*Valjakka v. Netflix Inc.*,
　　No. 22-cv-01490-JST, 2022 WL 19975412 (N.D. Cal. Oct. 11, 2022).......................................3

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
　　520 U.S. 17 (1997)......................................................................................................................7, 8

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
　　824 F.3d 1344 (Fed. Cir. 2016)........................................................................................................6

*Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*,
　　904 F.2d 677 (Fed. Cir. 1990)..........................................................................................................7

**Statutes**

35 U.S.C. § 271 .....................................................................................................................................5

35 U.S.C. § 271(a) ................................................................................................................................5

35 U.S.C. § 271(b) ....................................................................................................................1, 4, 5, 6

35 U.S.C. § 271(c) ....................................................................................................................1, 4, 6, 7

35 U.S.C. § 287(a) ................................................................................................................1, 8, 9, 10

**Rules**

Fed. R. Civ. P. 8(a)(2).........................................................................................................................3

1    **I.    INTRODUCTION**

2        Plaintiff AOI's allegations of infringement and damages are legally and factually deficient and

3    warrant partial dismissal. <u>First</u>, Plaintiff AOI does not plausibly plead direct infringement by all of

4    Defendant Accelight's products that AOI has accused of infringement. While the Complaint accuses

5    numerous products of direct infringement based upon claim charts attached to the Complaint, the claim

6    charts present infringement allegations for only a small set of purportedly "exemplary" accused

7    products, and do not include any factual allegations for the other distinct accused products. Nor does

8    the Complaint provide any factual details explaining why the purportedly "exemplary" products are

9    representative of other accused but non-charted products. For each cause of action, AOI's infringement

10    claims for all accused products, <u>except</u> the charted "exemplary" product(s), should be dismissed for

11    failure to adequately plead infringement by the non-charted products.

12        <u>Second</u>, Plaintiff AOI's purported indirect infringement claims under 35 U.S.C. § 271(b) and

13    (c) should be dismissed for failure to plead the requisite elements of induced or contributory

14    infringement.

15        <u>Third</u>, Plaintiff AOI's allegations of infringement under the doctrine of equivalents (DOE) are

16    conclusory, legally incorrect, and fail to meet the plausibility standard, and thus should be dismissed.

17        <u>Fourth</u>, the Complaint does not allege that Plaintiff AOI gave actual notice of infringement to

18    Accelight before filing the Complaint, nor does AOI plead compliance with the marking statute,

19    35 U.S.C. § 287(a), either of which is required to claim pre-suit damages. Accordingly, AOI's claims

20    of pre-suit damages should also be dismissed.

21    **II.    STATEMENT OF FACTS**

22        **A.    Asserted Patents**

23        AOI filed a Complaint for patent infringement against Accelight on December 13, 2024,

24    alleging infringement of six patents: U.S. Patent No. 9,523,826 (the "'826 Patent"); U.S. Patent No.

25    10,042,116 (the "'116 Patent"); U.S. Patent No. 9,448,367 (the "'367 Patent"); U.S. Patent No.

26    10,379,301 (the "'301 Patent"); U.S. Patent No. 10,313,024 (the "'024 Patent"); U.S. Patent No.

27    10,788,690 (the "'690 Patent") (collectively, the "Asserted Patents"). ECF No. 1 (Complaint), ¶ 4.

28    The Complaint does not claim that Accelight was notified of the Asserted Patents or alleged

infringement before the Complaint was filed, but states that Accelight "has knowledge and notice of the Asserted Patents and their infringement since at least, and through, the filing of this Complaint." *See, e.g.*, *id.*, ¶¶ 34, 43, 52.

**B.    Accused Products**

AOI's Complaint alleges that Accelight's two <u>100G QSFP28</u> transceiver modules (100G QSFP28 LR4[1] and 100G QSFP28 CWDM4) and three <u>400G QSFP-DD</u> transceiver modules (400G QSFP-DD SR8, 400G QSFP-DD FR4, and 400G QSFP-DD DR4) (collectively, the "Accused Products") infringe the six Asserted Patents. *Id.*, ¶¶ 18, 19. AOI further alleges that Accelight "engag[es] in acts constituting infringement under 35 U.S.C. § 271, including without limitation by making, using, selling and/or offering for sale in and/or importing into the United States without authority one or more Accused Products that infringe one or more claims of the Asserted Patents." *Id.*

**C.    Infringement Allegations**

Each of AOI's six causes of action asserts infringement of one of the Asserted Patents. Each cause of action alleges that at least one claim of the patent "is found within the exemplary Accused Product(s)." *Id.*, ¶¶ 23, 32, 41, 50, 59, 67. Exhibits G-N of the Complaint provide representative claim charts that purportedly "identif[y] on a limitation-by-limitation basis" where each limitation of the representative claims is found within the "exemplary" products. *Id.; see also id.*, Exs. G-N. Specifically, the claim charts map claims 1 and 7 of the '826 Patent to the 100G QSFP28 LR4, 100G QSFP28 CWDM4, and 400G QSFP-DD SR8 products. *See id.*, Exs. G, H, I. The claim charts similarly map claims 1 and 12 of the '116 Patent to the 100G QSFP28 CWDM4 product (*id.*, Ex. J); claim 1 of the '367 Patent to the 400G QSFP-DD FR4 product (*id.*, Ex. K); claim 1 of the '301 Patent to the 100G QSFP28 CWDM4 product (*id.*, Ex. L); claims 1 and 12 of the '024 Patent to the 100G QSFP28 LR4 product (*id.*, Ex. M); and claims 1 and 11 of the '690 Patent to the 400G QSFP-DD DR4 product (*id.*, Ex. N).

AOI has physical samples of the Accused Products that they appear to have disassembled, as evident from the sample photos in Exhibits G-N. *See id.*, Exs. G-N. Yet, AOI's claim charts allege

---

[1] The Complaint names this accused product as "100G QSFP LR4," but the product label on the physical product sample identifies it as "100G QSFP<u>28</u> LR4." *See* ECF No. 1, Ex. G, PDF p. 97 (emphasis added). Hereinafter, this accused product is referred to as "100G QSFP28 LR4."

1    that several claim elements are met by the "exemplary" products only "on information and belief" and

2    do not provide any further information. *See, e.g.*, *id.*, PDF pp. 102-104, 112-114, 122-124.

3         Additionally, the Complaint alleges that each limitation of the representative claims is "literally

4    present" in the "exemplary" Accused Product, but also suggests infringement under DOE by stating

5    that, "[t]o the extent any limitation is found to be not present literally, such limitation is present in the

6    exemplary Accused Products under the doctrine of equivalents because the exemplary Accused

7    Product performs substantially the same function, in substantially the same way, to achieve

8    substantially the same result as" the representative claims. *Id.*, ¶ 23; *see also id.*, ¶¶ 32, 41, 50, 59, 67.

9    That is the extent of AOI's infringement allegations under DOE. The claim charts in Exhibits G-N of

10   the Complaint do not mention equivalency or identify any claim limitation that is not literally present

11   but present under DOE.

12        **D.    Damages Allegation**

13        As to damages, the Complaint alleges that, "[a]s a direct and proximate result of [Accelight's]

14   infringement, AOI has suffered, and will continue to suffer, damage in an amount to be proved at

15   trial." *Id.*, ¶¶ 26, 35, 44, 53, 61, 70. Although the Complaint seems to be requesting pre-suit damages,

16   it does not plead pre-suit notice of infringement or compliance with the marking statute.

17   **III.   LEGAL STANDARD FOR MOTION TO DISMISS**

18        A complaint must contain "a short and plain statement of the claim showing that the pleader is

19   entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this requirement, "a complaint must plead 'enough

20   facts to state a claim to relief that is plausible on its face[]'." *Valjakka v. Netflix Inc.*, No. 22-cv-01490-

21   JST, 2022 WL 19975412, at *1 (N.D. Cal. Oct. 11, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550

22   U.S. 544, 570 (2007)) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[F]acial plausibility turns

23   on providing enough 'factual content that allows the court to draw the reasonable inference that the

24   defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). Factual

25   allegations fail to meet the plausibility standard when they provide "[t]hreadbare recitals of the

26   elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When

27   a plaintiff makes such recitals and statements, courts are not bound to accept them as true. *Id.*

28

1    **IV.    ARGUMENT**

2         The following allegations in AOI's Complaint are legally and factually deficient and should

3    be dismissed: 1) for each cause of action, AOI's infringement claims for all Accused Products, except

4    the "exemplary" product actually charted for that cause of action; 2) any indirect infringement claims

5    under 35 U.S.C. § 271(b) and (c); 3) infringement claims under DOE; and 4) AOI's pre-suit damages

6    claim.

7         **A.    AOI's Infringement Claims for Non-Charted Accused Products Are**
          **Deficient and Should Be Dismissed**
8

9         AOI's Complaint identifies one or more representative claims from each Asserted Patent and

10   provides claim charts mapping those representative claims to purported "exemplary" Accused

11   Products. *See supra* Section II.C. At the motion-to-dismiss stage, AOI's infringement mappings may

12   be sufficient to draw an inference that at least one claim of each Asserted Patent is practiced by the

13   product that is actually charted for that patent (although Accelight does not concede the accuracy or

14   merits of those infringement allegations). However, AOI alleges that all Accused Products infringe all

15   Asserted Patents but does not provide sufficient facts to support this allegation for the non-charted

16   Accused Products. *See* ECF No. 1, ¶¶ 23, 32, 41, 50, 59, 67. Given the differences between the five

17   Accused Products and no explanation of why an "exemplary" product is representative, the factual

18   allegations about exemplary products cannot be reasonably applied to all Accused Products.

19        Specifically, AOI accuses two 100G QSFP28 and three 400G QSFP-DD transceiver modules.

20   *Id.*, ¶¶ 18, 19. Within the QSFP28 category, AOI accuses different LR4 and CWDM4 Accelight

21   products. *Id.* And within the QSFP-DD category, AOI accuses different SR8, FR4, and DR4 Accelight

22   products. *Id.* These Accused Products are distinct as evidenced by AOI's own virtual patent marking

23   website, which identifies its own corresponding transceiver products separately in different groupings.

24   Bhattacharyya Decl., Ex. A, 2-5 (AOI's patent marking page listing AOI's QSFP and QSFP-DD

25   products in different sets, and further listing AOI's SR8, DR4, and FR4 products separately).

26   Additionally, AOI's claim charts mapped three different Accelight products (Accelight's QSFP28

27   LR4, QSFP28 CWDM4, and QSFP-DD SR8) for the '826 Patent, thus indicating that these products

28   are different from each other. *See* ECF No. 1, Exs. G-I.

1    While it is correct that a patentee plaintiff is not required to provide infringement mappings

2 for each accused product if it has properly pled sufficient facts to establish that the accused products

3 it has actually charted/mapped are indeed exemplary or representative of the other accused products,

4 AOI has not done that. As such, AOI has not provided sufficient allegations for the Court to plausibly

5 infer that all the Accused Products, which fall into different categories of transceiver modules, meet

6 at least one claim of each Asserted Patent. *See Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*,

7 677 F. Supp. 3d 1079, 1084-85 (N.D. Cal. 2023) (finding that plaintiff's allegations about an

8 exemplary "stocker" product is sufficient against other accused "stocker" products, but insufficient

9 for the Court to plausibly infer that all accused "wafer handling system products" are infringed);

10 *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *4 (N.D. Cal.

11 May 26, 2017) (although plaintiff made some factual allegations about the "CheckPoints application,"

12 the Court found that it failed to state an infringement claim for other accused products because it did

13 not "allege that [the other] products are similar to the 'CheckPoints application' or otherwise indicate

14 that its factual allegations with respect to the 'CheckPoints application' also apply to these other

15 products"). Here, as in *Kawasaki* and *Novitaz*, AOI's Complaint does not present factual allegations

16 against any product other than the "exemplary" product(s) specified for each patent, nor does the

17 Complaint allege facts sufficient to establish any allegation that the "exemplary" product(s) represent

18 all Accused Products. Therefore, it cannot be plausibly inferred that all other Accused Products are

19 also infringed. *See Kawasaki*, 677 F. Supp. 3d at 1084-85; *Novitaz*, 2017 WL 2311407, at *4.

20 Accordingly, for each cause of action related to an Asserted Patent, AOI's infringement claims for all

21 Accused Products, except for the "exemplary" products specifically charted/mapped for that patent,

22 should be dismissed.

23    **B.    AOI Fails to Plausibly Allege Indirect Infringement**

24    AOI's Complaint alleges that Accelight has "directly infringed" one or more claims of the

25 Asserted Patents. ECF No. 1, ¶¶ 22, 31, 40, 49, 58, 66. Elsewhere, however, AOI broadly alleges

26 infringement under § 271, which includes direct infringement under § 271(a) and indirect infringement

27 under § 271(b) and (c). *See id.*, ¶¶ 11, 19. To the extent AOI intended to allege induced infringement

28

under § 271(b) and contributory infringement under § 271(c), those allegations are deficient for the reasons stated below.

Under § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Induced infringement requires "knowledge that the induced acts constitute patent infringement," including "knowledge of the existence of the patent that is infringed." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011); *see also Warsaw Orthopedic, Inc. v. NuVasive, Inc*., 824 F.3d 1344, 1347 (Fed. Cir. 2016) (finding induced infringement requires not "only knowledge of the patent" but also "proof the defendant knew the [induced] acts were infringing" (alteration in original) (citation omitted)). Moreover, "[f]or an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (alterations in original) (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)). Therefore, "for an allegation of induced infringement, the plaintiff must allege that a defendant knew that another party was infringing and intended for that other party to infringe." *Regents of Univ. of Mich. v. Leica Microsys. Inc*., No. 19-CV-07470-LHK, 2020 WL 2084891, at *4 (N.D. Cal. Apr. 30, 2020) (citing *Nalco*, 883 F.3d at 1355).

But here, the Complaint does not include the requisite allegations of knowledge and intent that are necessary to state a claim for pre- and post-suit induced infringement. Specifically, the Complaint does not plead that Accelight had pre-suit knowledge of the patents and of infringement, and that Accelight knowingly led another to directly infringe. Accordingly, AOI's pre-suit induced infringement claims should be dismissed. *See ALD Soc., LLC v. Verkada, Inc.*, 654 F. Supp. 3d 972, 981 (N.D. Cal. 2023). As to post-suit induced infringement, the Complaint alleges that Accelight has knowledge of the Asserted Patents and of infringement "since at least, and through, the filing of this Complaint." ECF No. 1, ¶¶ 25, 34, 43, 52, 69. But even if the Complaint is allowed to serve as notice of the patents and of infringement (which many courts including one in this District have not), AOI has still failed to plausibly plead that Accelight intends another party to infringe the Asserted Patents and knows that the other party's acts constitute infringement. *See Regents of Univ. of Mich.*, 2020 WL

2084891, at *4; *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 647-48 (N.D. Cal. 2022), *leave to appeal denied*, Nos. 2022-134, -144, 2022 WL 1486359 (Fed. Cir. May 11, 2022). Accordingly, AOI's post-suit induced infringement claims should also be dismissed.

Under § 271(c), "one who sells a component especially designed for use in a patented invention may be liable as a contributory infringer, provided that the component is not a staple article of commerce suitable for substantial noninfringing use." *Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008); *see also* 35 U.S.C. § 271(c). Therefore, "to state a claim for contributory infringement, one must plead that a party sells or offers to sell 'a component of a patented … combination, … or a material … for use in practicing a patented process[,] constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.'" *Regents of Univ. of Mich.*, 2020 WL 2084891, at *4 (quoting *Nalco*, 883 F.3d at 1356). AOI has not made any such allegations here. That is, AOI has not alleged that Accelight sells or offers to sell the Accused Products knowing that they are specially designed or adapted for use in an infringing manner, and that the Accused Products are not staple articles or commodities of commerce suitable for substantial noninfringing use. *See id.* Accordingly, AOI's pre- and post-suit contributory infringement claims should be dismissed.

## C.    AOI Fails to Plausibly Allege Infringement Under DOE

Under the equivalency doctrine, a claim limitation not literally met by an accused product may be satisfied by a substitute element of the accused product if that element "matches the function, way, and result of the claimed element," or if the differences between the substitute element and the claimed element are "insubstantial." *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39-40 (1997). In other words, DOE allows a patentee to "*expand[] the right to exclude* to 'equivalents' of what is claimed." *Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*, 904 F.2d 677, 684 (Fed. Cir. 1990) (emphasis in original). However, DOE is not a license to ignore the claims. *See Warner-Jenkinson*, 520 U.S. at 29-30. Therefore, to adequately plead a DOE claim under the *Twombly* and *Iqbal* pleading standard, the Complaint must at a minimum identify the elements that are infringed under DOE and explain how they are equivalent. *See ALD Soc.*, 654 F. Supp. 3d at 980-81 (discussing

1    *Nalco*, 883 F.3d at 1355).

2        AOI provides no such explanation here. Instead, AOI alleges DOE using a threadbare

3    statement that, "[t]o the extent any limitation is found to be not present literally, such limitation is

4    present in the exemplary Accused Products under the doctrine of equivalents because the exemplary

5    Accused Product performs substantially the same function, in substantially the same way, to achieve

6    substantially the same result as" the representative claims. ECF No. 1, ¶ 23; *see also id.*, ¶¶ 32, 41, 50,

7    59, 67. This conclusory assertion is not sufficient to plausibly plead infringement under DOE,

8    especially since some of AOI's literal infringement allegations are also lacking and rely on the

9    boilerplate phrase "on information and belief." *See supra* Section II.C; *ALD Soc.*, 654 F. Supp. 3d at

10   981 (dismissing direct infringement claim when literal infringement allegation is implausible and DOE

11   allegation is insufficient).

12       Additionally, AOI's DOE allegation is legally incorrect because DOE may not be invoked

13   based on the entire claimed invention, as AOI attempts to do with its overbroad statement that "the

14   <u>exemplary Accused Product</u> performs substantially the same function, in substantially the same way,

15   to achieve substantially the same result as" the representative claims. ECF No. 1, ¶¶ 23, 32, 41, 50,

16   59, 67 (emphasis added). Rather, the equivalency doctrine must be applied on an element-by-element

17   basis, comparing each element in the patent claim to its alleged equivalent in the accused product or

18   process, which AOI has not done. *See Warner-Jenkinson*, 520 U.S. at 29; *see also Dawn Equip. Co.*

19   *v. Ky. Farms Inc.*, 140 F.3d 1009, 1015 (Fed. Cir. 1998) ("[T]o establish infringement under the

20   doctrine of equivalents, the accused device must be shown to include <u>an equivalent for each literally</u>

21   <u>absent claim limitation</u>." (emphasis added)).

22       AOI's DOE claims are thus legally and factually deficient and should be dismissed.

23   **D.    AOI's Pre-Suit Damages Claim Should Be Dismissed for Failure to Plead**
     **Compliance with the Marking Statute**

24

25       The federal patent marking statute, 35 U.S.C. § 287(a), provides a limitation on recoverable

26   damages in patent litigation. The marking statute provides:

27           Patentees, and persons making, offering for sale, or selling within the
             United States any patented article for or under them, or importing any
28           patented article into the United States, may give notice to the public
             that the same is patented, either by fixing thereon the word "patent" or

1
2
3
4

the abbreviation "pat.," together with the number of the patent .… <u>In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.</u>

5    35 U.S.C. § 287(a) (emphasis added).

6    The marking statute has been interpreted to mean that "[i]f a patentee who makes, sells, offers

7    for sale, or imports his patented articles has not 'given notice of his right' by marking his articles

8    pursuant to the marking statute, he is not entitled to damages before the date of actual notice." *Arctic

9    *Cat Inc. v. Bombardier Rec. Prods., Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (citations omitted).

10   That is, if a patentee or licensee makes, sells, offers for sale, or imports products covered by a patent,

11   they must provide constructive notice of the patent by marking the products to collect damages before

12   the date of actual notice (e.g., through filing of a complaint). *Id.*; *Maxwell v. J. Baker, Inc.*, 86 F.3d

13   1098, 1111 (Fed. Cir. 1996); *Altair Logix LLC v. Asus Comput. Int'l*, No. 18-cv-04985-HSG, 2019

14   WL 1117535, at \*2 (N.D. Cal. Mar. 11, 2019).

15   Moreover, it is the patentee's burden to <u>plead</u> and prove compliance with the marking statute.

16   *Arctic Cat*, 876 F.3d at 1366; *Maxwell*, 86 F.3d at 1111 ("[T]he duty of alleging, and the burden of

17   proving, either [actual notice or constructive notice] is upon the [patentee]." (alterations in original)

18   (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)). This Court has previously found that to

19   dismiss a complaint for failure to plead compliance with the marking statute, defendant must initially

20   show that there are products that practice the asserted patent. *See Altair*, 2019 WL 1117535, at \*2-3.

21   But other district courts have found that "[a] claim for past damages requires pleading compliance

22   with the marking statute—even when compliance is achieved, factually, by doing nothing at all," and

23   has not required defendant to first show that patentee or a licensee practices the asserted patent.

24   *Express Mobile, Inc. v. Liquid Web, LLC*, Nos. 1:18-cv-01177-RGA, -01181-RGA, 2019 WL

25   1596999, at \*2 (D. Del. Apr. 15, 2019) (dismissing claim for past damages for failure to plead

26   compliance with the marking statute, despite plaintiff's assertion that there was "no evidence that there

27   was anything for it to mark"); *accord Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 3:23-CV-

28   00791-N, 2023 WL 7184042, at \*3 (N.D. Tex. Nov. 1, 2023) (finding that plaintiff failed to state a

1    claim for pre-suit damages because the complaint did not "plead compliance with the statute, via facts

2    establishing it marked products or showing that no products needed to be marked"); *see also Pipp*

3    *Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*, No. 21 C 2104, 2022 WL 157491, at *2

4    (N.D. Ill. Jan. 18, 2022) ("[M]any federal courts have also recently interpreted Federal Circuit case

5    law to require that a patentee plead compliance with § 287[(a)]." (collecting cases)).

6        Here, AOI make, sells, offers for sale, or imports products that supposedly practice at least the

7    asserted '826, '116, '367, and '301 patents. Bhattacharyya Decl., Ex. A, 2-5 (AOI's virtual marking

8    webpage (https://ao-inc.com/patents/) asserts that the '826, '116, '367, and '301 patents cover one or

9    more of AOI's products). In fact, AOI's virtual marking page purports to "satisfy the virtual patent

10   marking provisions of various jurisdictions, including … under 35 U.S.C. § 287(a)." *Id.*, 1-2. But the

11   Complaint does not plead that AOI's products (and possibly other licensee products) that practice the

12   '826, '116, '367, and '301 patents are marked in compliance with the marking statute. Nor does AOI

13   plead actual notice of infringement of these patents before the filing of the Complaint. Therefore,

14   AOI's pre-suit damages claim for at least the first four causes of action (related to the '826, '116, '367,

15   and '301 patents) should be dismissed for failure to plead that patented products are marked pursuant

16   to the marking statute. *See Altair*, 2019 WL 1117535, at *2-3. And even though there is no suggestion

17   in the Complaint that AOI or a licensee practices the asserted '024 and '690 patents, AOI's pre-suit

18   damages claim for these two patents should also be dismissed for failure to plead compliance with

19   the marking statute (through facts establishing that either patented products are marked or there are no

20   products to be marked), as other district courts have ruled. *Express Mobile*, 2019 WL 1596999, at *2;

21   *Ortiz*, 2023 WL 7184042, at *3.

22   **V.    CONCLUSION**

23       For at least the reasons stated above, the following claims in AOI's Complaint—1) for each

24   cause of action, the infringement claims for all Accused Products, except the allegedly exemplary

25   product; 2) pre- and post-suit indirect infringement claims; 3) infringement claims under DOE; and 4)

26   pre-suit damages claim—should be dismissed for failure to plead facts sufficient to make these claims

27   plausible.

28

1    Dated: February 6, 2025                    FINNEGAN, HENDERSON, FARABOW,
                                                   GARRETT & DUNNER, LLP
2

3                                               By: /s/ Arpita Bhattacharyya
                                                    Arpita Bhattacharyya
4                                                   *Attorneys for Defendant*
                                                    *Accelight Technologies, Inc.*
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28