Robert F. McCauley (SBN 162056)
  RMcCauley@perkinscoie.com
Arpita Bhattacharyya (SBN 316454)
  ABhattacharyya@perkinscoie.com
**Perkins Coie LLP**
3150 Porter Drive
Palo Alto, California 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

*Attorneys for Defendant*
*Accelight Technologies, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| APPLIED OPTOELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACCELIGHT TECHNOLOGIES, INC., <br><br> Defendant. | CASE NO. 4:24-cv-09041-HSG <br><br> **DEFENDANT ACCELIGHT TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF APPLIED OPTOELECTRONICS, INC.'S FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6)** <br><br> Date: April 17, 2025 <br> Time: 2:00 PM <br> Location: Courtroom 2, 4th Floor <br> Judge: Hon. Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 17, 2025, at 2 PM in Courtroom 2, located on the 4th Floor of the above-entitled court at 1301 Clay Street, Oakland, California, or as soon thereafter as the matter may be heard before Honorable Haywood S. Gilliam, Jr., Defendant Accelight Technologies, Inc. ("Accelight") will and hereby does move to dismiss portions of Plaintiff Applied Optoelectronics, Inc.'s ("AOI") First Amended Complaint (ECF No. 19) pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order filed concurrently herewith, all other papers or pleadings in this action, evidence and argument that the parties may present before or at the hearing on this matter, and any other matters of which this Court may take judicial notice.

**TABLE OF CONTENTS**

I.  INTRODUCTION ..........................................................................................................1

II. STATEMENT OF FACTS ............................................................................................1

    A.    Asserted Patents ..................................................................................................1

    B.    Accused Products ...............................................................................................2

    C.    Infringement Allegations ...................................................................................2

    D.    Damages Allegation ...........................................................................................3

    E.    Substantive Differences Between the Original Complaint and the FAC .................3

III. LEGAL STANDARD FOR MOTION TO DISMISS .....................................................3

IV. ARGUMENT .................................................................................................................4

    A.    AOI's Infringement Claims for Non-Charted Accused Products Are Deficient and Should Be Dismissed ...................................................................4

    B.    AOI's Pre-Suit Damages Claim Should Be Dismissed for Failure to Plead Compliance with the Marking Statute ..............................................................6

    C.    AOI Should Not be Allowed to Reassert Infringement Under DOE and Indirect Infringement Under 35 U.S.C. § 271(b) and (c) in this Action .................8

V. CONCLUSION ...............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Altair Logix LLC v. Asus Comput. Int'l*,
No. 18-cv-04985-HSG, 2019 WL 1117535 (N.D. Cal. Mar. 11, 2019) .................................6, 7

*Arctic Cat Inc. v. Bombardier Rec. Prods., Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ..............................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..............................................................................................................3

*Dunlap v. Schofield*,
152 U.S. 244 (1894) ..............................................................................................................6

*Express Mobile, Inc. v. Liquid Web, LLC*,
Nos. 1:18-cv-01177-RGA, -01181-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ...................................................................................................................................6, 7

*Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*,
677 F. Supp. 3d 1079 (N.D. Cal. 2023) ................................................................................5

*Maxwell v. J. Baker, Inc.*,
86 F.3d 1098 (Fed. Cir. 1996) ...............................................................................................6

*Novitaz, Inc. v. inMarket Media, LLC*,
No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ..................................5

*Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*,
No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ..................................7

*Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*,
No. 21 C 2104, 2022 WL 157491 (N.D. Ill. Jan. 18, 2022) ..................................................7

*Valjakka v. Netflix Inc.*,
No. 22-cv-01490-JST, 2022 WL 19975412 (N.D. Cal. Oct. 11, 2022) ..............................3, 4

**STATUTES**

35 U.S.C. § 271(a) ...............................................................................................................2, 3, 8

35 U.S.C. § 271(b) .....................................................................................................................3, 8

35 U.S.C. § 271(c) .....................................................................................................................3, 8

35 U.S.C. § 287(a) ...........................................................................................................1, 6

**RULES**

Fed. R. Civ. P. 8(a)(2)..............................................................................................................3

Fed. R. Civ. P. 12(b)(6)............................................................................................................1

## I. INTRODUCTION

Plaintiff AOI's allegations of infringement and damages are legally and factually deficient and warrant partial dismissal. First, Plaintiff AOI does not plausibly plead direct infringement by all of Defendant Accelight's products that AOI has accused of infringement. While the First Amended Complaint ("FAC") accuses numerous products of direct infringement based upon claim charts attached to the FAC, the claim charts present/map infringement allegations for only a small subset of supposedly exemplary products, but not other <u>distinct</u> products that are also accused of infringement. The FAC also does not provide any factual basis or details explaining why the purportedly exemplary products are representative of other accused but non-charted products. Plaintiff has thus failed to adequately allege infringement for the products not charted/mapped in the claim charts attached to the FAC, and its infringement allegations for the non-charted products should be dismissed. Stated differently, for each cause of action, AOI's infringement claims for all accused products, <u>except</u> the charted exemplary product(s), should be dismissed for failure to adequately plead infringement by the non-charted products.

Second, the FAC does not allege that Plaintiff AOI gave actual notice of infringement to Accelight before filing the original Complaint, nor does AOI plead compliance with the marking statute, 35 U.S.C. § 287(a), either of which is required to claim pre-suit damages. Accordingly, AOI's claims of pre-suit damages should also be dismissed.

## II. STATEMENT OF FACTS

### A. Asserted Patents

AOI filed its original Complaint for patent infringement against Accelight on December 13, 2024, alleging infringement of six patents: U.S. Patent No. 9,523,826 (the "'826 Patent"); U.S. Patent No. 10,042,116 (the "'116 Patent"); U.S. Patent No. 9,448,367 (the "'367 Patent"); U.S. Patent No. 10,379,301 (the "'301 Patent"); U.S. Patent No. 10,313,024 (the "'024 Patent"); U.S. Patent No. 10,788,690 (the "'690 Patent") (collectively, the "Asserted Patents"). ECF No. 1 (Complaint), ¶ 4. On February 6, 2025, Accelight filed a motion to dismiss portions of the Complaint under Rule 12(b)(6). ECF No. 16. In response, AOI filed the FAC on February 19, 2025. ECF No. 21. The FAC alleged infringement of the same Asserted Patents by the same accused products as the original Complaint.

*Id.*, ¶ 4. The FAC does not claim that Accelight was notified of the Asserted Patents or of infringement by any Accelight product prior to the filing of the Complaint, but states that Accelight "has knowledge and notice of the Asserted Patents and their infringement since at least, and through, the filing of the original complaint in this action." *See, e.g.*, *id.*, ¶¶ 34, 43, 52.

### B. Accused Products

AOI's FAC alleges that Accelight's two 100G QSFP28 transceiver modules (100G QSFP28 LR4[1] and 100G QSFP28 CWDM4) and three 400G QSFP-DD transceiver modules (400G QSFP-DD SR8, 400G QSFP-DD FR4, and 400G QSFP-DD DR4) (collectively, the "Accused Products") infringe the six Asserted Patents. *Id.*, ¶¶ 18, 19. AOI further alleges that Accelight "engag[es] in acts constituting infringement under 35 U.S.C. § 271(a), including without limitation by making, using, selling and/or offering for sale in and/or importing into the United States without authority one or more Accused Products that infringe one or more claims of the Asserted Patents." *Id.*

### C. Infringement Allegations

Each of AOI's six causes of action asserts infringement of one of the Asserted Patents. Each cause of action alleges that at least one claim of the patent is found within one of the Accused Products. *Id.*, ¶¶ 23, 32, 41, 50, 59, 67. Exhibits G-N of the FAC provide representative claim charts that purportedly "identif[y] on a limitation-by-limitation basis" where each limitation of the representative claims is found within one of the exemplary products. *Id.; see also id.*, Exs. G-N. Specifically, the claim charts map claims 1 and 7 of the '826 Patent to the 100G QSFP28 LR4, 100G QSFP28 CWDM4, and 400G QSFP-DD SR8 products. *See id.*, Exs. G, H, I. The claim charts similarly map claims 1 and 12 of the '116 Patent to the 100G QSFP28 CWDM4 product (*id.*, Ex. J); claim 1 of the '367 Patent to the 400G QSFP-DD FR4 product (*id.*, Ex. K); claim 1 of the '301 Patent to the 100G QSFP28 CWDM4 product (*id.*, Ex. L); claims 1 and 12 of the '024 Patent to the 100G QSFP28 LR4 product (*id.*, Ex. M); and claims 1 and 11 of the '690 Patent to the 400G QSFP-DD DR4 product (*id.*, Ex. N).

---

[1] The FAC names this accused product as "100G QSFP LR4," but the product label on the physical product sample identifies it as "100G QSFP28 LR4." *See* ECF No. 21, Ex. G, PDF p. 97 (emphasis added). Hereinafter, this accused product is referred to as "100G QSFP28 LR4."

**D.     Damages Allegation**

As to damages, the FAC alleges that "[a]s a direct and proximate result of [Accelight's] infringement, since at least the filing of the original complaint in this action, AOI has suffered, and will continue to suffer, damage in an amount to be proved at trial." *Id.*, ¶¶ 26, 35, 44, 53, 61, 70. Although the FAC seems to be requesting pre-suit damages by using the language "since at least the filing of the original complaint," meaning AOI may seek pre-suit damages, AOI does not plead pre-suit notice of infringement or compliance with the marking statute. *See id.* (emphasis added).

**E.     Substantive Differences Between the Original Complaint and the FAC**

In the original Complaint, AOI alleged that the Asserted Patents were infringed both literally and under the doctrine of equivalents (DOE). ECF No. 1, ¶¶ 23, 32, 41, 50, 59, 67. Accelight moved to dismiss AOI's allegations of infringement under DOE because they were conclusory, legally incorrect, and failed to meet the plausibility standard. ECF No. 16, 7-8. Accordingly, the FAC does not include any allegation of DOE. *Compare* ECF No. 1, ¶¶ 23, 32, 41, 50, 59, 67, *with* ECF No. 21, ¶¶ 23, 32, 41, 50, 59, 67.

The original Complaint also broadly alleged infringement under § 271, which includes direct infringement under § 271(a) and indirect infringement under § 271(b) and (c). *See* ECF No. 1, ¶¶ 11, 19. Accelight moved to dismiss AOI's indirect infringement claims under 35 U.S.C. § 271(b) and (c) for failure to plead the requisite elements of induced or contributory infringement. ECF No. 16, 5-7. In contrast to the original Complaint, the FAC only alleges direct infringement under § 271(a). *See* ECF No. 21, ¶¶ 11, 19, 21, 30, 39, 48, 57, 66.

**III.   LEGAL STANDARD FOR MOTION TO DISMISS**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this requirement, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face[]'." *Valjakka v. Netflix Inc.*, No. 22-cv-01490-JST, 2022 WL 19975412, at *1 (N.D. Cal. Oct. 11, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[F]acial plausibility turns on providing enough 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). Factual

1  allegations fail to meet the plausibility standard when they provide "[t]hreadbare recitals of the
2  elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When
3  a plaintiff makes such recitals and statements, courts are not bound to accept them as true. *Id.*

### IV. ARGUMENT

The following allegations in the FAC are legally and factually deficient and should be dismissed: 1) for each cause of action, AOI's infringement claims for all Accused Products, except for the exemplary product actually charted for that cause of action, and 2) AOI's pre-suit damages claim.

### A. AOI's Infringement Claims for Non-Charted Accused Products Are Deficient and Should Be Dismissed

The FAC identifies one or more representative claims from each Asserted Patent and provides claim charts mapping those representative claims to purported exemplary Accused Products. *See supra* Section II.C. At the motion-to-dismiss stage, AOI's infringement mappings may be sufficient to draw an inference that at least one claim of each Asserted Patent is practiced by the product that is actually charted for that patent (although Accelight does not concede the accuracy or merits of those infringement allegations). However, AOI alleges that at least one of the Accused Products infringes each of the Asserted Patents, meaning that more than one Accused Product is alleged to be infringing each Asserted Patent, but the FAC does not provide sufficient facts to support this allegation for the non-charted Accused Products. *See* ECF No. 21, ¶¶ 23, 32, 41, 50, 59, 67. Simply put, <u>nowhere does the FAC identify which of the six distinct Accused Products infringe each Asserted Patent</u>. And given the differences between five of the Accused Products and no explanation of why an exemplary charted product is representative of other Accused Products, the factual allegations about exemplary products cannot be reasonably applied to all Accused Products.

Specifically, AOI accuses two 100G QSFP28 and three 400G QSFP-DD transceiver modules. *Id.*, ¶¶ 18, 19. Within the QSFP28 category, AOI accuses different LR4 and CWDM4 Accelight products. *Id.* And within the QSFP-DD category, AOI accuses different SR8, FR4, and DR4 Accelight products. *Id.* These Accused Products are distinct as evidenced by AOI's own virtual patent marking website, which identifies its own corresponding transceiver products separately in different groupings. ECF No. 16-3, 2-5 (AOI's patent marking page listing AOI's QSFP and QSFP-DD products in

different sets, and further listing AOI's SR8, DR4, and FR4 products separately). Additionally, AOI's claim charts mapped three different Accelight products (Accelight's QSFP28 LR4, QSFP28 CWDM4, and QSFP-DD SR8) for the '826 Patent, thus indicating that these products are different from each other. *See* ECF No. 21, Exs. G-I.

While it is correct that a patentee plaintiff is not required to provide infringement mappings for each accused product if it has properly pled sufficient facts to establish that the accused products it has actually charted/mapped are indeed exemplary or representative of the other accused products, AOI has not done that. As such, AOI has not provided sufficient allegations for the Court to plausibly infer that all the Accused Products, which fall into different categories of transceiver modules, meet at least one claim of each Asserted Patent. *See Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, 677 F. Supp. 3d 1079, 1084-85 (N.D. Cal. 2023) (finding that plaintiff's allegations about an exemplary "stocker" product is sufficient against other accused "stocker" products, but insufficient for the Court to plausibly infer that all accused "wafer handling system products" are infringed); *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *4 (N.D. Cal. May 26, 2017) (although plaintiff made some factual allegations about the "CheckPoints application," the Court found that the plaintiff failed to state an infringement claim for other accused products because it did not "allege that [the other] products are similar to the 'CheckPoints application' or otherwise indicate that its factual allegations with respect to the 'CheckPoints application' also apply to these other products"). Here, as in *Kawasaki* and *Novitaz*, the FAC does not present factual allegations against any product other than the exemplary product(s) specified for each patent, nor does the FAC allege facts sufficient to establish any allegation that the exemplary product(s) represent all Accused Products. Therefore, it cannot be plausibly inferred that all other Accused Products are also infringed. *See Kawasaki*, 677 F. Supp. 3d at 1084-85; *Novitaz*, 2017 WL 2311407, at *4. Accordingly, for each cause of action related to an Asserted Patent, AOI's infringement claims for all Accused Products, except for the exemplary products specifically charted/mapped for that patent, should be dismissed.

B.  **AOI's Pre-Suit Damages Claim Should Be Dismissed for Failure to Plead Compliance with the Marking Statute**

The federal patent marking statute, 35 U.S.C. § 287(a), provides a limitation on recoverable damages in patent litigation. The marking statute provides:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.," together with the number of the patent …. <u>In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.</u>

35 U.S.C. § 287(a) (emphasis added).

The marking statute has been interpreted to mean that "[i]f a patentee who makes, sells, offers for sale, or imports his patented articles has not 'given notice of his right' by marking his articles pursuant to the marking statute, he is not entitled to damages before the date of actual notice." *Arctic Cat Inc. v. Bombardier Rec. Prods., Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (citations omitted). That is, if a patentee or licensee makes, sells, offers for sale, or imports products covered by a patent, they must provide constructive notice of the patent by marking the products to collect damages before the date of actual notice (e.g., through filing of a complaint). *Id.*; *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Altair Logix LLC v. Asus Comput. Int'l*, No. 18-cv-04985-HSG, 2019 WL 1117535, at *2 (N.D. Cal. Mar. 11, 2019).

Moreover, it is the patentee's burden to <u>plead</u> and prove compliance with the marking statute. *Arctic Cat*, 876 F.3d at 1366; *Maxwell*, 86 F.3d at 1111 ("[T]he duty of alleging, and the burden of proving, either [actual notice or constructive notice] is upon the [patentee]." (alterations in original) (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)). This Court has previously found that to dismiss a complaint for failure to plead compliance with the marking statute, defendant must initially show that there are products that practice the asserted patent. *See Altair*, 2019 WL 1117535, at *2-3. But other district courts have found that "[a] claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all," and

has not required defendant to first show that patentee or a licensee practices the asserted patent. *Express Mobile, Inc. v. Liquid Web, LLC*, Nos. 1:18-cv-01177-RGA, -01181-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) (dismissing claim for past damages for failure to plead compliance with the marking statute, despite plaintiff's assertion that there was "no evidence that there was anything for it to mark"); *accord Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 3:23-CV-00791-N, 2023 WL 7184042, at *3 (N.D. Tex. Nov. 1, 2023) (finding that plaintiff failed to state a claim for pre-suit damages because the complaint did not "plead compliance with the statute, via facts establishing it marked products or showing that no products needed to be marked"); *see also Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*, No. 21 C 2104, 2022 WL 157491, at *2 (N.D. Ill. Jan. 18, 2022) ("[M]any federal courts have also recently interpreted Federal Circuit case law to require that a patentee plead compliance with § 287[(a)]." (collecting cases)).

Here, AOI makes, sells, offers for sale, or imports products that supposedly practice at least the asserted '826, '116, '367, and '301 patents. ECF No. 16-3, 2-5 (AOI's virtual marking webpage (https://ao-inc.com/patents/) asserts that the '826, '116, '367, and '301 patents cover one or more of AOI's products). In fact, AOI's virtual marking page purports to "satisfy the virtual patent marking provisions of various jurisdictions, including … under 35 U.S.C. § 287(a)." *Id.*, 1-2. But the FAC does not plead that AOI's products (and possibly other licensee products) that practice the '826, '116, '367, and '301 patents are marked in compliance with the marking statute. Nor does AOI plead it provided Accelight with actual notice of infringement of these patents before the filing of the original Complaint. Therefore, AOI's pre-suit damages claim for at least the first four causes of action (related to the '826, '116, '367, and '301 patents) should be dismissed for failure to plead that patented products are marked pursuant to the marking statute. *See Altair*, 2019 WL 1117535, at *2-3. And even though there is no suggestion in the original Complaint or the FAC that AOI or a licensee practices the asserted '024 and '690 patents, AOI's pre-suit damages claim for these two patents should also be dismissed for failure to plead compliance with the marking statute (through facts establishing that either patented products are marked or there are no products to be marked), as other district courts have ruled. *Express Mobile*, 2019 WL 1596999, at *2; *Ortiz*, 2023 WL 7184042, at *3.

### C. AOI Should Not be Allowed to Reassert Infringement Under DOE and Indirect Infringement Under 35 U.S.C. § 271(b) and (c) in this Action

In Accelight's first motion to dismiss filed on February 6, 2025, Accelight asserted that AOI's infringement allegations under DOE were legally and factually deficient and should be dismissed. ECF No. 16, 7-8. In response, the FAC eliminates entirely all allegations of infringement under DOE. *See supra* Section II.E. AOI should not be allowed to reassert infringement under DOE in its infringement contentions or at any other juncture in this action because AOI has failed to plead DOE in the FAC.

Similarly, AOI's original Complaint broadly alleged indirect infringement under 35 U.S.C. § 271(b) and (c). *See* ECF No. 1, ¶¶ 11, 19. But as explained in Accelight's first motion to dismiss, AOI's purported allegations of induced infringement under § 271(b) and contributory infringement under § 271(c) in the original Complaint were deficient. ECF No. 16, 5-7. In response, the FAC deletes all allegations of pre- and post-suit indirect infringement under 35 U.S.C. § 271(b) and (c) and specifies that AOI is only alleging direct infringement under 35 U.S.C. § 271(a). *See supra* Section II.E. Accordingly, AOI should not be allowed to reassert either pre-suit or post-suit indirect infringement in its infringement contentions or at any point later in the case because AOI has failed to plead indirect infringement under § 271(b) and (c) in the FAC.

## V.  CONCLUSION

For at least the reasons stated above, the following claims in AOI's FAC—1) for each cause of action, the infringement claims for all Accused Products, except for the charted product(s), and 2) pre-suit damages claim—should be dismissed for failure to plead facts sufficient to make these claims plausible.

Dated: March 5, 2025

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

By: /s/ *Arpita Bhattacharyya*
    Arpita Bhattacharyya
    *Attorneys for Defendant*
    *Accelight Technologies, Inc.*