1  Robert F. McCauley (SBN 162056)
     RMcCauley@perkinscoie.com
2  Arpita Bhattacharyya (SBN 316454)
     ABhattacharyya@perkinscoie.com
3  **Perkins Coie LLP**
   3150 Porter Drive
4  Palo Alto, California 94304
   Telephone: 650.838.4300
5  Facsimile: 650.838.4350

6  *Attorneys for Defendant*
   *Accelight Technologies, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| APPLIED OPTOELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACCELIGHT TECHNOLOGIES, INC. <br><br> Defendant. | CASE NO. 4:24-cv-09041-HSG <br><br> **DEFENDANT ACCELIGHT TECHNOLOGIES, INC.'S ADMINISTRATIVE MOTION TO SUSPEND TIME TO ANSWER UNTIL DEFENDANT'S PARTIAL RULE 12(b)(6) MOTION TO DISMISS IS DECIDED [CIVIL L.R. 6-3]** <br><br> Judge: Hon. Haywood S. Gilliam, Jr. |

## I. Introduction

On March 5, 2025, concurrently with this motion, Defendant Accelight Technologies, Inc. ("Accelight") filed a Rule 12(b)(6) motion challenging some of the allegations in Plaintiff Applied Optoelectronics, Inc.'s ("AOI") First Amended Complaint ("FAC," ECF No. 21). Most district courts, including two in this District, have ruled that when a defendant files such a partial Rule 12(b) motion, the time to answer/respond is extended until after the court rules on the Rule 12(b) motion, so that the defendant need not bear the unnecessary costs of filing piecemeal, seriatim responses to the same complaint. Pursuant to that majority view and Civil L.R. 6-3, Accelight respectfully requests an order confirming that Accelight's time to answer/respond to the FAC is 14 days after the Court rules on Accelight's partial Rule 12(b) motion.

Accelight attempted to reach agreement on this scheduling issue with AOI's counsel, but agreement was not reached, necessitating this administrative motion. Specifically, AOI's counsel declined to stipulate that Accelight's answer/response is not due upon filing of a partial motion to dismiss. Declaration of Arpita Bhattacharyya ("Bhattacharyya Decl.") ¶ 2.

## II. Relevant Facts

AOI filed this action without providing Defendant Accelight any advance notice of AOI's six asserted patents or its infringement allegations. Bhattacharyya Decl. ¶ 3. AOI filed its Complaint on December 13, 2024. ECF No. 1. The parties filed a stipulation extending the due date for Accelight's response to the Complaint to February 7, 2025. ECF No. 13. Accelight filed a Rule 12(b)(6) motion to dismiss portions of AOI's Complaint on February 6, 2025. ECF No. 16. AOI filed the FAC on February 19, 2025. ECF No. 21.

## III. Accelight Met and Conferred with AOI Before Filing This Motion

Although most courts have ruled that a partial Rule 12(b) motion extends the time for a defendant to answer/respond to a complaint until after the motion is decided, some courts have found otherwise (explained further below). Therefore, in an abundance of caution, Accelight met and conferred with AOI before filing this motion. AOI, however, declined to stipulate that, pursuant to the majority view, Accelight's answer/response to the FAC be due 14 days after this Court rules on Accelight's Rule 12(b)(6) motion. Bhattacharyya Decl. ¶ 2.

### IV. The Court Should Apply the Majority View that Accelight's Answer/Response Is Due 14 Days After This Court Rules on Accelight's Partial Rule 12(b) Motion

Extending the time for a defendant to answer a complaint is "within the district court's discretion." *Dymits v. Am. Int'l Grp.*, 2 F. App'x 818, 820 (9th Cir. 2001). Moreover, under Fed. R. Civ. P. 12(a)(4)(A) ("Rule 12(a)(4)(A)"), a motion to dismiss a complaint automatically extends a defendant's time to answer the complaint until 14 days after the court rules on the motion to dismiss or another time set by the court. Rule 12(a)(4)(A).

Although Rule 12(a)(4)(A) does not specifically state whether the extension under that provision applies to a "partial" Rule 12 motion challenging some, but not all, allegations in a complaint, two courts in this District have held that the extension applies equally to partial motions to dismiss. *See Reddy v. Nuance Commc'ns, Inc.*, No. 11-CV-05632-PSG, 2012 WL 12818726, at *1 (N.D. Cal. Mar. 26, 2012) (Grewal, M.J.) ("The court agrees [that] . . . [b]y filing even a partial Rule 12(b) motion, Nuance's time to answer or otherwise respond to the complaint is extended."); *Sun v. Rickenbacker Collections*, No. 5:10-CV-1055 EJD, 2012 WL 2838782, at *2 (N.D. Cal. July 10, 2012) (Davila, J.) (same). This is also the majority view across most district courts. *See Talbot v. Sentinel Ins. Co.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (collecting cases); *Gamble v. Boyd Gaming Corp.*, No. 2:13-cv-01009-JCM-PAL, 2014 WL 1331034, at *3 (D. Nev. Apr. 1, 2014) (same); *Banik v. Thompson*, No. 7:16-CV-00462, 2017 WL 11713709, at *2 (S.D. Tex. Dec. 11, 2017) (adopting the majority view and noting that "almost all existing authority indicate[s]" that "a motion for partial dismissal triggers Rule 12(a)(4) tolling of time for the defendant to answer"); Stevenson & Fitzgerald, *Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial* 9-20–9-21 (The Rutter Group 2023) ("Most courts hold [that the Rule 12(a)(4)(A)] extension applies even where the 12(b) motion challenges only *some* of the claims in the complaint; i.e., the time for responding to the remaining claims is extended as well.").[1]

---

[1] *See also Abbott v. Rosenthal*, 2 F. Supp. 3d 1139, 1142-43 (D. Idaho 2014); *Hernandez v. Avis Budget Grp., Inc.*, No. 1:17-cv-00211-DAD-EPG, 2018 WL 10323280, at *1 (E.D. Cal. Nov. 2, 2018); *Marie v. Am. Red Cross*, No. 2:11-cv-474, 2013 WL 2417981, at *1 (S.D. Ohio June 3, 2013); *Compton v. City of Harrodsburg*, 287 F.R.D. 401 (E.D. Ky. 2012); *Kent v. Geren*, No. 07-cv-02202-ZLW-MJW, 2008 WL 150060 (D. Colo. Jan. 11, 2008).

Courts adopting the minority view have been criticized as requiring "duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1346 (3d ed. 2023). Accordingly, the more "considered solution" is to "hold that a partial Rule 12(b) motion expands the time for answering the entire pleading." *Okaya (USA), Inc. v. United States*, 27 C.I.T. 1509, 1517 (2003) (citing *Brocksopp Engineering, Inc. v. Bach–Simpson, Ltd.*, 136 F.R.D. 485 (E.D. Wisc. 1991).

Thus, under the majority view and in the interest of judicial economy, this Court should adopt the majority view and rule that Accelight's time to answer the FAC will be 14 days after this Court rules on Accelight's partial motion to dismiss (or another time set by the Court).

## V.   This Motion Satisfies the Requirements of Civil L.R. 6-3

Civil L.R. 6-3 states that a motion to extend a party's time to answer must (i) disclose all previous time modifications in the case, (ii) describe the effect the requested time modification would have on the case schedule, and (iii) identify the substantial harm or prejudice that would occur if this Court did not grant the motion. Each of these considerations supports granting Accelight's motion to extend time.

There has been only one previous time modification. On January 7, 2025, the parties stipulated to extend Accelight's response to AOI's Complaint by 30 days. ECF No. 13; Bhattacharyya Decl. ¶ 4.

Granting this motion will not impact the case schedule because the initial Case Management Conference will not convene until March 18, 2025 (ECF No. 11) and no case schedule has yet been set.

Lastly, Accelight will be harmed if the Court denies this motion because Accelight would have to provide piecemeal answers—one addressing the unchallenged claims while Accelight's partial motion to dismiss is pending, and another addressing the remaining claims or further-amended claims after the Court rules on the motion to dismiss—so that AOI and the Court will have to evaluate and respond to redundant pleadings. *See LG2, LLC v. Am. Dairy Queen Corp.*, No. 22-cv-1044 (WMW/JFD), 2023 WL 171792, at *6 (D. Minn. Jan. 12, 2023) (staying deadline to answer until after partial motion to dismiss to avoid "piecemeal litigation"); *Gortat v. Capala Bros.*, 257 F.R.D. 353,

366 (E.D.N.Y. 2009) (adopting the majority view and explaining that "[i]f the opposite rule controlled and partial motions to dismiss did not suspend a party's obligation to reply to additional claims, the result would be 'a procedural thicket' of piecemeal answers that would poorly serve judicial economy." (citation omitted)); 5B Wright & Miller, *Federal Practice and Procedure* § 1346 (noting that the minority view could lead to needless discovery disputes and result in time-consuming and expensive motion practice).

Thus, Civil L.R. 6-3 and judicial economy also support granting this motion. Accelight respectfully requests that Accelight's time to answer/respond to the FAC be set at 14 days after the Court rules on Defendant Accelight's partial Rule 12(b)(6) motion.

Respectfully submitted,

Dated: March 5, 2025                      FINNEGAN, HENDERSON, FARABOW,
                                              GARRETT & DUNNER, LLP


                                          By: /s/ Arpita Bhattacharyya
                                              Arpita Bhattacharyya
                                              *Attorneys for Defendant*
                                              *Accelight Technologies, Inc.*