Jo Dale Carothers, SBN 228703
jcarothers@weintraub.com
Eric A. Caligiuri, SBN 260442
ecaligiuri@weintraub.com
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
LAW CORPORATION
475 Sansome Street, Suite 510
San Francisco, CA 94111
Telephone: 415.433.1400
Facsimile: 415.433.3883

Attorneys for Plaintiff
Applied Optoelectronics, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED OPTOELECTRONICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ACCELIGHT TECHNOLOGIES, INC., <br><br> Defendant. | Case No.: 4:24-cv-09041-HSG <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PORTIONS OF FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6)** <br><br> Date:  April 17, 2025 <br> Time:  2:00 p.m. <br> Dept.:  4th Floor, Courtroom 2 |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................................... 4

II. FACTUAL AND PROCEDURAL BACKGROUND ..................................................... 4

III. LEGAL ARGUMENT ..................................................................................................... 5

    A. As Required, the FAC Plausibly Pleads Defendant's Infringement
       of the Asserted Patents ......................................................................................... 5

    B. AOI's Allegations Are Sufficient, and Defendant's Argument
       Regarding the Allegations Pertaining to the Accused Products Is
       Not Clear .............................................................................................................. 6

    C. AOI's Allegations Regarding Defendant's Notice Are Proper. ........................... 9

    D. Defendant's Request for an Order Prohibiting AOI from Reasserting
       Certain Allegations is Improper ......................................................................... 10

    E. If the Court Grants Defendant's Motion, the Motion Should Be
       Granted Without Prejudice. ............................................................................... 10

IV. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................... 5, 8

*Barker v. Riverside County Office of Educ.*,
   584 F.3d 821 (9th Cir. 2009) ............................................................................................ 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................. 5, 6, 8

*Doe v. United States*,
   419 F.3d 1058 (9th Cir. 2005) .......................................................................................... 5

*FO2GO LLC v. KeepItSafe, Inc.*,
   No. 18-807- RGA, 2019 WL 1615398 (D. Del. Apr, 16, 2019) ....................................... 9

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ............................................................................................ 6

*Neutrik AG v. ADJ Products, LLC*,
   No. CV 19-09937 JAK, 2020 U.S. Dist. LEXIS 153765, 2020 WL 6128066
   (C.D. Cal. May 6, 2020) ................................................................................................... 8

*Sentry Protection Products, Inc. v. Eagle Manufacturing Co.*,
   400 F.3d 910 (Fed. Cir. 2005) .......................................................................................... 9

**Statutes**

35 U.S.C. § 271 ................................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 4, 5, 10

Plaintiff Applied Optoelectronics, Inc. ("AOI") hereby submits the following opposition to Defendant Accelight Technologies, Inc.'s ("Defendant") Motion to Dismiss Portions of First Amended Complaint under Fed. R. Civ. P. 12(b)(6) ("Motion").

## I.     INTRODUCTION

Put simply, the allegations in AOI's First Amended Complaint ("FAC") are sufficient to plausibly plead a claim for patent infringement against Defendant. Defendant does not dispute this. Instead, Defendant filed its Motion challenging only a few allegations of the FAC, but Defendant's arguments and the exact relief it seeks are not clear and appear to be based on misunderstandings or mischaracterizations of AOI's allegations. Because the allegations in the FAC are sufficient to plausibly plead a claim for patent infringement against Defendant, the Motion should be denied.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2024, AOI filed its original complaint for patent infringement against Defendant ("Complaint"). *See* ECF No. 1. The Complaint alleges that Defendant has infringed and continues to infringe six U.S. patents: U.S. Patent No. 9,523,826; U.S. Patent No. 10,042,116; U.S. Patent No. 9,448,367; U.S. Patent No. 10,379,301; U.S. Patent No. 10,313,024; and U.S. Patent No. 10,788,690. *Id.* The Complaint alleges infringement under 35 U.S.C. § 271 on the grounds that Defendant is "making, using, selling and/or offering for sale in and/or importing into the United States without authority one or more Accused Products that infringe one or more claims of the Asserted Patents." *Id.* at ¶ 19. The Complaint attaches detailed claim charts, each of which "identifies on a limitation-by-limitation basis where each limitation of [a specified claim] of [a specified patent]" was found within the Accused Products. *Id.* at ¶ 23. The Complaint also alleges that Defendant had knowledge and notice of each Asserted Patent and its infringement "since at least, and through, the filing of [the] Complaint." *Id.* at ¶ 25.

On February 6, 2025, Defendant filed a Motion to Dismiss Portions of the Complaint ("Prior Motion") under Rule 12(b)(6) seeking to dismiss certain allegations in the Complaint: infringement of all Accused Products except the charted products, indirect infringement under 35 U.S.C. section 271, subsections (b) and (c), infringement under the doctrine of equivalents, and

1   pre-suit damages. *See, generally,* ECF No. 16. In response to this Prior Motion, AOI timely filed
2   its FAC on February 19, 2025 (ECF No. 21), and Defendant's Prior Motion was taken off
3   calendar. *See* ECF Nos. 22 and 23.
4         The FAC alleges infringement of the same six patents as the original Complaint. *See* ECF
5   No. 21. The FAC attaches the same claim charts identifying on a limitation-by-limitation basis
6   where each limitation of the specified claim of each of the Asserted Patents is found within
7   specific Accused Products of Defendant. *Id.* For example, the First Cause of Action for
8   infringement of the '826 patent alleges: "the claim charts attached hereto as Exhibit G through I
9   identifies on a limitation-by-limitation basis where each limitation of claims 1 and 7 of the '826
10  Patent is found within one or more of the Accused Products." *Id.* at ¶ 23.
11        The FAC alleges only direct infringement under section 271(a). *Id.* at ¶¶ 11, 19, 21, 30,
12  39, 48, 57, and 66. The FAC also alleges that Defendant had knowledge and notice of each
13  Asserted Patent and of Defendant's infringement of those patents "since at least and through the
14  filing of the original complaint." *Id.* at ¶¶ 25, 34, 43, 52, 61, and 70.
15        On March 5, 2025, Defendant filed the instant Motion under Fed. R. Civ. P. 12(b)(6)
16  seeking to dismiss certain allegations in the FAC. *See* ECF No. 24 ("Motion").

### III.    LEGAL ARGUMENT

**A.    As Required, the FAC Plausibly Pleads Defendant's Infringement of the Asserted Patents.**

20        The allegations in the FAC are sufficient to plausibly plead a claim for patent infringement
21  against Defendant. At the pleading stage, the allegations in the complaint must be accepted as
22  true; the complaint must be construed liberally; and the Court must draw all reasonable inferences
23  from the allegations in the light most favorable to the plaintiff. *See, e.g., Doe v. United States,*
24  419 F.3d 1058, 1062 (9th Cir. 2005); *see also Barker v. Riverside County Office of Educ.,*
25  584 F.3d 821, 824 (9th Cir. 2009).
26        A complaint must allege "enough facts to state a claim to relief that is plausible on its
27  face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557, 570 (2007); *see also Ashcroft v.*
28  *Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court held, "the factual allegations must be

1  enough to raise a right to relief above the speculative level… on the assumption that all the

2  allegations in the complaint are true…" *Twombly, supra,* 550 U.S. at 555.  Accordingly, "for a

3  complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable

4  inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to

5  relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks

6  omitted).

7       AOI alleges that Defendant directly infringes six of AOI's U.S. patents.  AOI attached

8  detailed claim charts to the original Complaint, and the same claim charts are attached to the FAC.

9  The claim charts identify on a limitation-by-limitation basis where each limitation of the asserted

10 independent claims of each patent are found in one or more of Defendant's Accused Products.

11 These allegations are clearly "enough facts to state a claim to relief that is plausible on its face."

12 *Bell Atlantic, supra,* 550 U.S. at 556-557, 570.

13 **B.     AOI's Allegations Are Sufficient, and Defendant's Argument Regarding the Allegations Pertaining to the Accused Products Is Not Clear.**

14

15      Defendant's moving papers state the following regarding AOI's allegations in the FAC

16 pertaining to the Accused Products:

17 - "AOI alleges that <u>at least one</u> of the Accused Products infringes each of the Asserted

18   Patents, meaning that <u>more than one</u> Accused Product is alleged to be infringing each

19   Asserted Patent …."  (Motion, 4:15-17, emphasis added.)

20 - "[N]owhere does the FAC identify which of the six distinct Accused Products infringe

21   each Asserted Patent."  (Motion, 4:18-19.)

22 - "AOI has not provided sufficient allegations for the Court to plausibly infer that <u>all the

23   Accused Products</u> …. meet at least one claim <u>of each Asserted Patent</u>."  (Motion, 5:8-

24   10, emphasis added.)

25 - "AOI's infringement claims for all Accused Products, except for the exemplary

26   products specifically charted/mapped for that patent, should be dismissed."  (Motion,

27   5:24-26.)

28 ///

These statements are inconsistent with the actual allegations of the FAC and do not clearly explain why the FAC is deficient. It appears that Defendant is seeking to dismiss allegations that AOI never made.

In opposite, the actual relevant general allegations in the FAC are:

- "[Defendant], either directly or through other entities under its control, imports, uses, offers for sale, and/or sells infringing products, including without limitation the ATI 100G QSFP LR4, ATI 400G QSFP-DD SR8, ATI 100G QSFP28 CWDM4, ATI 400G QSFP-DD FR4, and ATI 400G QSFP-DD DR4 (the 'Accused Products'). *See, e.g.*, Exhibits G through N." (FAC at ¶ 18.)
- "[Defendant] infringes the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. section 271(a), including without limitation by making, using, selling and/or offering for sale in and/or importing into the United States without authority one or more Accused Products that infringe one or more claims of the Asserted Patents." (*Id.* at ¶19.)

Similarly, the relevant allegations of each cause of action in the FAC that alleges infringement of a single patent are[1]:

- "[Defendant] directly infringes under 35 U.S.C. section 271(a) one or more claims of the '826 Patent, by making, using, selling, offering for sale, and/or importing into the United States without authority products, including without limitation at least one or more of the Accused Products, that infringe one or more claims of the '826 Patent." (*Id.* at ¶ 21.)
- "Defendant has directly infringed at least, for example, claim 1 of the '826 Patent by making, using, selling, offering for sale, and/or importing into the United States without authority products, including without limitation at least one or more of the Accused Products." (*Id.* at ¶ 22.)

---

[1] These citations to paragraphs in the FAC are to the First Cause of Action, which is for infringement of the '826 patent. The FAC contains virtually identical allegations in each of the other causes of action for infringement of the other five Asserted Patents.

- "The claim charts attached hereto as Exhibits G through I identifies on a limitation-by-limitation basis where each limitation of claims 1 and 7 of the '826 Patent is found within one or more of the Accused Products." (*Id.* at ¶ 23.)

Defendant seems to be arguing that AOI alleges that <u>all</u> Accused Products infringe <u>all</u> six of the Asserted Patents. That is not a fair or accurate reading of AOI's allegations that "at least one or more of the Accused Products… infringe one or more claims of the '826 Patent" (*Id.* at ¶ 21) and "Defendant has directly infringed at least ..… claim 1 of the '826 patent by making, using, selling, offering for sale, and/or importing into the United States without authority products, including without limitation at least one or more of the Accused Products." *Id.* at ¶¶ 21 and 22. The plain reading of the FAC shows that AOI is not alleging that <u>all</u> Accused Products infringe <u>each</u> of the six patents. Rather, AOI alleges that <u>at least one</u> of the Accused Product infringes <u>each</u> patent.

Defendant is either misunderstanding or mischaracterizing AOI's allegations. For example, Defendant's statement that "AOI alleges that at least one of the Accused Products infringes each of the Asserted Patents, mean[s] that more than one Accused Product is alleged to be infringing each Asserted Patent" is not correct. "At least one" does not mean "more than one;" "at least one" means either one *or* more than one.

AOI's allegations in the FAC satisfy the standards for pleading. The allegations, which must be accepted as true at the pleading stage, raise a right to relief above the speculative level. *See Twombly, supra*, 550 U.S. at 555. The allegations are substantive and specific; they constitute more than the "threadbare recitals" and "conclusory statements" that the Supreme Court has cautioned against. See, *Iqbal*, *supra,* 556 U.S. at 678. Construing the FAC liberally and drawing all reasonable inferences in favor of AOI, the allegations are more than sufficient to plausibly plead patent infringement by Defendant. *See, e.g., Neutrik AG v. ADJ Products, LLC*, No. CV 19-09937 JAK (AGRx), 2020 U.S. Dist. LEXIS 153765, 2020 WL 6128066, at *4 (C.D. Cal. May 6, 2020) (Patent infringement claims need only be "sufficient to place Defendants on notice.").

AOI's allegations of patent infringement satisfy the *Twombly/Iqbal* plausibility test for a sufficient pleading. Therefore, the Motion should be denied.

C.     **AOI's Allegations Regarding Defendant's Notice Are Proper.**

Defendant contends that AOI's claims for pre-suit damages should be dismissed because the FAC does not allege actual notice before the filing of the original Complaint or compliance with the marking statute. *See* Motion, 7:12-27. However, AOI alleges that "[Defendant] has knowledge and notice of the Asserted Patents and its infringement since at least, and through, the filing of the original complaint in this action." FAC at ¶¶ 25, 34, 43, 52, 61, and 70. AOI further alleges "[a]s a direct and proximate result of ATI's infringement, since at least the filing of the original complaint in this action, AOI has suffered, and will continue to suffer, damage in an amount to be proved at trial." *Id.* at ¶¶ 26, 35, 44, 53, 62, and 71. The phrase "since at least the filing of the original complaint" means that Defendant has had notice since either the filing of the original Complaint *or* sometime before that date. Moreover, in its Prayer for Relief, AOI seeks "an award of damages adequate to compensate Plaintiff for the infringement .…" (FAC, Prayer, subsection S, 12:13-14.)

The Federal Circuit allows allegations of compliance with the § 287 notice requirements to be pleaded generally. For example, in *Sentry Protection Products, Inc. v. Eagle Manufacturing Co.*, the Federal Circuit held that a plaintiff adequately pleaded compliance with the marking statute by alleging that the defendant's "infringements have been willful and with full knowledge of the [asserted] patents," without any references to how the plaintiff marked its products. 400 F.3d 910, 918 (Fed. Cir. 2005) (finding plaintiff "did not waive its marking argument by failing to plead notice").

Defendant cites only to unpublished cases in other district courts for the premise that AOI must plead pre-suit damages based on marking with more specificity. *See* Motion, 6:27-7:11. As described above, AOI need only allege ***generally*** that it satisfied the marking requirement; it need not allege specifics regarding how and when it marked its products. *See, e.g. FO2GO LLC v. KeepItSafe, Inc.*, No. 18-807- RGA, 2019 WL 1615398, at *4 n.2 (D. Del. Apr, 16, 2019) (rejecting defendant's argument that plaintiff must plead "[w]hat products were marked," "[w]ho marked them," and "[h]ow long [they were] marked," noting that defendant bears the burden of production on these issues). However, if this Court agrees with Defendant's position, then AOI

1  respectfully requests the Court grant AOI leave to amend. Defendant would not be prejudiced by
2  such an amendment because Defendant is already aware of AOI's marking practice and admits to
3  knowledge of AOI's virtual marking website. *See, e.g.* Motion, 7:12-16.
4        AOI's allegations are sufficient for pleading damages prior to the filing of the lawsuit
5  against Defendant. However, in the alternative, if the Court finds AOI's allegations still deficient,
6  AOI requests leave to amend.

**D. Defendant's Request for an Order Prohibiting AOI from Reasserting Certain Allegations is Improper.**

9        Defendant argues that because AOI did not reassert certain allegations (indirect
10 infringement under 35 U.S.C. § 271, subsections (b) and (c), and infringement under the doctrine
11 of equivalents) in its Complaint or in the FAC, AOI should not be allowed to reassert these
12 allegations again.  Specifically, Defendant seeks an order prohibiting AOI from reasserting these
13 allegations in AOI's infringement contentions or at any later point in this case.
14       Defendant's requested order is premature, unnecessary, and procedurally improper.
15 Defendant seeks this order in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  This is not
16 the proper procedure for Defendant to seek to preclude AOI from, at some point in the future,
17 seeking to add these allegations to its pleading if discovery reveals facts supporting the
18 allegations. If and when such a situation arises, at that time, Defendant can file the appropriate
19 motion and seek the appropriate order.  This is not that time and Rule 12(b)(6) is not the proper
20 motion.

**E. If the Court Grants Defendant's Motion, the Motion Should Be Granted Without Prejudice.**

23       If the Court  grants Defendant's Motion, the order should be without prejudice as to AOI's
24 ability to seek leave to amend at a later date to add allegations of indirect infringement pursuant to
25 35 U.S.C. § 271, subsections (b) and (c), infringement under the doctrine of equivalents,
26 infringement of additional products, or pre-suit damages if discovery reveals further facts
27 supporting such allegations and/or if the Court determines additional pleading specificity is
28 required.  AOI is entitled to take discovery to determine those facts.

## IV. CONCLUSION

For the reasons set forth above, AOI has plausibly alleged patent infringement by Defendant in its FAC. Accordingly, the Court should deny Defendant's Motion. Alternatively, if the Court decides to grant the Motion, AOI requests that it be granted without prejudice to AOI's right to seek leave to amend its FAC now or in the future to add allegations as appropriate.

Dated: March 19, 2025        Respectfully submitted,

WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
Law Corporation

By:  */s/ Jo Dale Carothers*
         Jo Dale Carothers

Attorneys for Plaintiff
Applied Optoelectronics, Inc.