1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7
APPLIED OPTOELECTRONICS, INC.,

Case No.  24-cv-09041-HSG

8
Plaintiff,

**ORDER DENYING DEFENDANT
ACCELIGHT TECHNOLOGIES, INC.'S
MOTION TO DISMISS**

9
v.

10
ACCELIGHT TECHNOLOGIES, INC.,

Re: Dkt. No. 24

11
Defendant.

12

13
Pending before the Court is Defendant Accelight Technologies, Inc.'s ("Defendant")

14
motion to dismiss Plaintiff Applied Optoelectronics, Inc.'s ("Plaintiff") first amended complaint

15
("FAC").  Dkt. No. 24 ("Mot.").  The Court finds this matter appropriate for disposition without

16
oral argument and takes it under submission.  *See* Civil L.R. 7-1(b).  For the following reasons, the

17
Court **DENIES** Defendant's motion.

18
**I.    BACKGROUND**

19
Plaintiff filed this case on December 13, 2024.  Dkt. No. 1.  Defendant moved to dismiss

20
Plaintiff's complaint on February 6, 2025, and Plaintiff subsequently filed its FAC on February

21
19, 2025.  Dkt. No. 21 ("FAC").  The FAC accuses Defendant of infringing U.S. Patent Nos.

22
9,523,826 (the "'826 Patent"), 10,042,116 (the "'116 Patent"), 9,448,367 (the "'367 Patent"),

23
10,379,301 (the "'301 Patent"), 10,313,024 (the "'024 Patent"), and 10,788,690 (the "'690

24
Patent") (collectively, the "Asserted Patents").[1]  Dkt. No. 21 ("FAC") ¶ 4.  Plaintiff specifically

25

26
---

27
[1] Plaintiff's initial complaint accused Defendant of direct infringement under both a literal and
doctrine of equivalents ("DOE") theory.  *See* Dkt. No 1 ¶¶ 20–72.  The initial complaint also
accused Defendant of induced and contributory infringement under 35 U.S.C. § 271(b) and (c).

28
*Id*. at ¶¶ 11, 19.  The FAC does not accuse Defendant of direct infringement based on DOE or
indirect infringement.  *See* FAC ¶¶ 20–73.

United States District Court
Northern District of California

United States District Court
Northern District of California

alleges that five of Defendant's products infringe the Asserted Patents: (1) 100G QSFP LR4, (2) 100G QSFP28 CWDM4, (3) 400G QSFP-DD SR8, (4) 400G QSFP-DD FR4, and (5) 400G QSFP-DD DR4 (collectively, the "Accused Products").  *Id.* ¶ 18.  Attached as exhibits to the FAC are eight claim charts mapping Plaintiff's infringement allegations for: (1) the 100G QSFP LR4 product against the '826 and '024 Patents; (2) the 100G QSFP28 CWDM4 product against the '826, '116, and '301 Patents; (3) the 400G QSFP-DD SR8 product against the '826 Patent; (4) the 400G QSFP-DD FR4 product against the '367 Patent; and (5) the 400G QSFP-DD DR4 product against the '690 Patent.  *Id.*, Exs. G–N.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.    DISCUSSION

Defendant seeks to dismiss Plaintiff's "infringement claims for all [A]ccused [P]roducts, except the charted exemplary product(s)" and Plaintiff's "claims of pre-suit damages . . . ." Mot.

at 6.[2]  Defendant further seeks to preclude Plaintiff from reasserting direct infringement under a DOE theory and indirect infringement.  *Id*. at 13.

### A.    Direct Infringement

The FAC includes eight claim charts—three for the '826 Patent and one for each of the five remaining Asserted Patents—outlining Plaintiff's infringement allegations for: (1) the '826 Patent against the 100G QSFP LR4, (2) 100G QSFP28 CWDM4, and (3) 400G QSFP-DD SR8 products; (4) the '024 Patent against the 100G QSFP LR4 product; (5) the '116 Patent against the 100G QSFP28 CWDM4 product; (6) the '301 Patent against the 100G QSFP28 CWDM4 product; (7) the '367 Patent against the 400G QSFP-DD FR4 product; and (8) the '690 Patent against the 400G QSFP-DD DR4 product.  *Id*., Exs. G–N.  Each Accused Product and each Asserted Patent is charted at least once.  Defendant argues that although Plaintiff's "infringement mappings may be sufficient to draw an inference that at least one claim of each Asserted Patent is practiced by the product that is actually charted for that patent . . . the FAC does not provide sufficient facts to support this allegation for the non-charted Accused Products."  *Id*. at 9.  Defendant argues that Plaintiff "has not provided sufficient allegations for the Court to plausibly infer that all the Accused Products, which fall into different categories of transceiver modules, meet at least one claim of each Asserted Patent."  *Id*. at 10.

"To plead direct infringement, a plaintiff must recite 'some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.'"  *Estech Sys. IP, LLC v. Intermedia.net, Inc.*, No. 24-CV-02526-EJD, 2025 WL 834500, at *4 (N.D. Cal. Mar. 17, 2025) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)).  "To satisfy the *Iqbal* pleading standard in a patent case, '[s]pecific facts are not necessary.'"  *Id*. (quoting *Disc Disease Sols. Inc. v. VGH Sols.*, Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018)).  "The complaint needs to only give a defendant 'fair notice of what the [infringement] claim is and the ground upon which it rests.'"  *Id*. (quoting *Disc Disease Sols. Inc.*, 888 F.3d at 1260).  "[T]his District generally has not required detailed infringement theories until the time that

---

[2] For ease of reference, the Court refers to the PDF pages rather than the document's internal pagination unless otherwise noted.

United States District Court
Northern District of California

1    infringement contentions are served, which is typically several months after a complaint has been

2    filed." *Fortinet, Inc. v. Forescout Techs., Inc.*, No. 20-CV-03343-EMC, 2020 WL 6415321, at

3    *11 (N.D. Cal. Nov. 2, 2020).

4    　　　The Court finds the FAC adequately pleads direct infringement.  Plaintiff has specifically

5    identified the five Accused Products—all of which are transceiver modules—and the Asserted

6    Patents all generally relate to optical communications components, including optical transceiver

7    modules.  *See* FAC, Ex. A at 1:15–17 ('826 Patent "relates to an optical communications

8    component, more particularly to a pluggable optical transceiver module"); *id.*, Ex. B at 1:10–13

9    ('116 Patent "relates to optical transceiver modules"); *id.*, Ex. C at 1:15–20 ('367 Patent "relates to

10    optical transceiver modules"); *id.*, Ex. D at 1:5–8 ('301 Patent "relates to fiber optical

11    communications, and more particularly, to . . . optical receiving modules"); *id.*, Ex. E at 1:9–11

12    ('024 Patent "relates to optical communications"); *id.*, Ex. F at 1:6–11 ('690 Patent "relates to

13    optical communications").  Moreover, the FAC provides sufficiently detailed claim charts

14    outlining Defendant's alleged infringement for each of the Accused Products against at least one

15    of the Asserted Patents.

16    　　　Defendant argues that the Plaintiff's exemplary claim charts are not sufficient to plead

17    direct infringement, because the Accused Products are "different from each other."  Mot. at 10.

18    But Defendant does not explain how the Accused Products are different from one another and

19    instead relies on Plaintiff's "own virtual patent marking website, which identifies its own

20    corresponding transceiver products separately in different groupings."  *Id*. at 9.  That is not

21    enough.  Plaintiff's claim charts "permit a plausible inference" that each of the Accused Products

22    "practice[s] each of the alleged limitations of the representative claims," *Kawasaki Jukogyo*

23    *Kabushiki Kaisha v. Rorze Corp.*, 677 F. Supp. 3d 1079, 1086 (N.D. Cal. 2023), and provide

24    Defendant "fair notice of what the [infringement] claim is and the ground upon which it rests[,]"

25    *Disc Disease Sols. Inc.*, 888 F.3d at 1260.  *See also Software Rsch., Inc. v. Dynatrace LLC*, 316 F.

26    Supp. 3d 1112, 1132 (N.D. Cal. 2018) (denying defendant's motion to dismiss plaintiff's direct

27    infringement claims where plaintiff "sufficiently identified the accused product . . .  and

28    sufficiently described the functionality . . . and tied it to the claim limitations in the patents-in-

1    suit"); *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1115 (N.D. Cal.

2    2016) ("Additionally, defendant's argument that it should be entitled to notice at the pleading

3    stage of which specific products infringed on which specific claims in the patents is belied by both

4    the local patent rules and Federal Circuit authority.").

5         Defendant relies on two district court cases—*Novitaz, Inc. v. inMarket Media, LLC*, No.

6    16-CV-06795-EJD, 2017 WL 2311407, at *1 (N.D. Cal. May 26, 2017) and *Kawasaki*, 677 F.

7    Supp. 3d at 1086—in arguing that Plaintiff "has not provided sufficient allegations for the Court to

8    plausibly infer that all the Accused Products, which fall into different categories of transceiver

9    modules, meet at least one claim of each Asserted Patent." Mot. at 10. As an initial matter,

10   neither *Novitaz* nor *Kawasaki* constitutes controlling authority, and the Court thus does not need to

11   decide for purposes of this motion whether to entirely adopt the legal analysis set out in those

12   cases. And *Novitaz* and *Kawasaki* are distinguishable in any event.

13        In *Kawasaki*, the complaint generally identified the accused products as "wafer handling

14   system products" and specifically accused the defendant's N2-BWS1600 product of infringement.

15   677 F. Supp. 3d at 1082–84. The court noted that the "wafer handling system products"

16   encompassed several different product categories, including "stockers . . . atmospheric robots,

17   vacuum wafer robots, aligners, load ports, vacuum platforms, and EFEM/sorters[,]" and the N2-

18   BWS1600 was a type of stocker. *Id.* The defendant moved to dismiss the plaintiff's direct

19   infringement claims, arguing that "the FAC fail[ed] to state a claim . . . for any product other than

20   the N2-BWS1600." *Id.* at 1083–84. The court found that the plaintiff had adequately pled direct

21   infringement as to the N2-BWS1600 product and the broader category of "stocker" products but

22   did not "provide such allegations [from which the court could plausibly infer that all of

23   defendants' 'wafer handling system products' meet every element of at least one claim of each of

24   the five patents-in-suit] for categories other than stockers." *Id.* at 1084.

25        Here, Plaintiff's allegations are similar to those regarding the accused "stocker" products

26   in *Kawasaki*. Plaintiff has provided sufficiently detailed claim charts permitting a plausible

27   inference that the five accused transceiver modules meet every element of at least one claim of

28   each of the Asserted Patents. Additionally, as stated above, the Accused Products are all

1    transceiver models, and Defendant has not shown that the accused transceiver modules should be

2    treated as different categories of products or that the Accused Products are functionally distinct.

3         *Novitaz* is distinguishable as well, because the plaintiff in that case did not make any

4    allegations about the functionality of the accused products.  *See Novitaz*, 2017 WL 2311407

5    ("[Plaintiff's] Amended Complaint identifies two products, the 'Epicurious application' and

6    'CheckPoints application,' as well as the general class of 'other applications using inMarket's

7    Software Development Kit [],' as accused. [Plaintiff's] Amended Complaint makes no factual

8    allegations about how the 'Epicurious application' or 'other applications using inMarket's []'

9    operate, let alone map this information onto any elements of any of the claims of the [asserted]

10   patent.").

11        Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's direct

12   infringement claims.

13        **B.    Pre-Suit Damages**

14        Defendant seeks to dismiss Plaintiff's pre-suit damages claim for all of the Asserted

15   Patents for failure to plead compliance with the patent marking statute.  Defendant argues that

16   Plaintiff's virtual marking page asserts that the '826, '116, '367, and '301 Patents cover one or

17   more of Plaintiff's products, but "the FAC does not plead that [Plaintiff's] products . . . that

18   practice the '826, '116, '367, and '301 Patents are marked in compliance with the marking

19   statute."[3]  Mot. at 12.  Defendant further argues that "even though there is no suggestion in the

20   original [c]omplaint or the FAC that [Plaintiff] or a licensee practices the asserted '024 and '690

21   Patents, [Plaintiff's] pre-suit damages claim for these two patents should also be dismissed for

22   failure to plead compliance with the marking statute (through facts establishing that either

23   patented products are marked or there are no products to be marked), as *other districts* have

24   ruled."  *Id*. (emphasis added).

25        The Patent Act provides that "[p]atentees, and persons making, offering for sale, or selling

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28   [3] Defendant attached Plaintiff's virtual patent marking notice as an exhibit to its initial motion to
     dismiss but not to the currently pending motion to dismiss.  *Compare* Dkt. No. 16-3, *with* Dkt. No.
     24.

United States District Court
Northern District of California

1   within the United States any patented article for or under them . . . may give notice to the public

2   that the same is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.'

3   together with the number of the patent." 35 U.S.C. § 287(a).  "Such 'marking' of patented

4   products is required before the patent owner may recover damages, unless notice was provided

5   another way, such as through the filing of the complaint." *Sapphire Crossing LLC v. Abbyy USA*

6   *Software House, Inc.*, 497 F. Supp. 3d 762, 768 (N.D. Cal. 2020).  "An alleged infringer

7   challenging a patentee's compliance with Section 287 'bears an initial burden of production to

8   articulate the products it believes are unmarked "patented articles" subject to § 287.'" *Altair Logix*

9   *LLC v. Asus Computer Int'l*, No. 18-CV-04985-HSG, 2019 WL 1117535, at *2 (N.D. Cal. Mar.

10  11, 2019) (quoting *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368

11  (Fed. Cir. 2017)).

12          Here, Defendant has not identified any "unmarked patent articles," instead focusing on

13  Plaintiff's seeming compliance with the patent marking statute with respect to the '826, '116,

14  '367, and '301 Patents.  *See* Dkt. No. 16-3 (Plaintiff's virtual marking page).  Defendant

15  acknowledges that this Court "previously found that to dismiss a complaint for failure to plead

16  compliance with the marking statute, defendant must initially show that there are products that

17  practice the asserted patents," Mot. at 11 (citing *Altair*, 2019 WL 117535, at *2–3), but asks the

18  Court to dispense of this requirement because "other district courts . . . ha[ve] not required

19  defendant to first show that patentee . . . practices the asserted patent."  Mot. at 11 (citing *Express*

20  *Mobile, Inc. v. Liquid Web, LLC*, Nos. 1:18-cv-01177-RGA, -01181-RGA, 2019 WL 1596999, at

21  *2 (D. Del. Apr. 15, 2019)).  The Court declines to do so.  Defendant has not satisfied the "low

22  bar" requiring "the alleged infringer to 'put the patentee on notice that he or his authorized

23  licensees sold specific unmarked products which the alleged infringer believes practice the

24  patent.'" *Altair*, 2019 WL 1117535, at *2 (quoting *Arctic Cat*, 876 F.3d at 1368).  *See also*

25  *Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F. Supp. 3d 762, 768 (N.D. Cal.

26  2020) ("[E]ven if marking was required, defendants have the initial burden to identify unmarked

27  products. That renders dismissal inappropriate unless plaintiff cannot plead even *pro forma*

28  compliance.").  Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's claim

1    for pre-suit damages.

2        **C.    Direct Infringement Under DOE and Indirect Infringement**

3        Defendant seeks to preclude Plaintiff from reasserting (1) direct infringement under DOE

4    and (2) indirect infringement.  Mot. at 13.  Defendant argues that because its first motion to

5    dismiss asserted that Plaintiff's DOE and indirect infringement allegations were deficient and the

6    subsequently filed FAC does not allege DOE or indirect infringement, Plaintiff "should not be

7    allowed to reassert [infringement under DOE and] either pre-suit or post-suit indirect infringement

8    in its infringement contentions or at any point later in the case . . . ."  *Id.*  Plaintiff counters that

9    "Defendant's requested order is premature, unnecessary, and procedurally improper[,]" arguing

10   that a 12(b)(6) motion to dismiss "is not the proper procedure for Defendant to seek to preclude

11   [Plaintiff] from, at some point in the future, seeking to add these allegations to its pleading if

12   discovery reveals facts supporting the allegations."  Dkt. No. 31 at 10.  The Court agrees with

13   Plaintiff.

14        Defendant's reliance on the arguments made in its initial motion to dismiss is misplaced.

15   The Court did not have an opportunity to consider the merits of Defendant's initial motion to

16   dismiss.  That Defendant previously moved to dismiss Plaintiff's claims for direct infringement

17   under DOE and indirect infringement theories does not preclude Plaintiff from reasserting those

18   claims.  Defendant cites no authority in support of its preemptive position, which is inconsistent

19   with the "extreme liberality" afforded a request for leave to amend under Rule 15(a).  *Align Tech.,*

20   *Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-CV-06663-TSH, 2019 WL 861422, at *1 (N.D.

21   Cal. Feb. 22, 2019) ("[Rule 15(a)] is 'to be applied with extreme liberality.'") (quoting *Eminence*

22   *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).  Accordingly, the Court

23   **DENIES** Defendant's request to preclude Plaintiff from reasserting direct infringement under

24   DOE or indirect infringement.

25   //

26   //

27   //

28

8

**IV.    CONCLUSION**

The Court **DENIES** Defendant's motion to dismiss.  Dkt. No. 24.

**IT IS SO ORDERED.**

Dated:    4/23/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge